IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MACKAL D. WALKER,
FDOC Inmate No. R34887,
    Plaintiff,

vs.                                                         Case No.: 3:18cv2182/MCR/EMT

JOHN GRUBB, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a Florida inmate proceeding pro se, initiated this civil rights action by filing a Complaint under 42 U.S.C. § 1983 (ECF No. 1). Leave to proceed in forma pauperis has been granted (ECF No. 7). Upon review of the Complaint, it is apparent that venue is not proper in the Northern District of Florida. Therefore, this case should be transferred.

Plaintiff is an inmate currently housed at Walton Correctional Institution in Defuniak Springs, Florida. Plaintiff names as Defendants in this case John Grubb, Amy Zawaski, and Keith Simmons, each of whom is a detective with the Pinellas County Sheriff's Office ("PCSO") (*see* ECF No. 1 at 1, 2). Plaintiff also appears to the name as Defendants the Pinellas County Sheriff, as well as "John Doe," who evidently is affiliated with the PCSO (*see id.* at 1, 6).

Plaintiff complains about a unit within the PCSO, which he identifies as the "S.P.O.T. Unit," and the policies it employs with regard to questioning sex offenders. Plaintiff contends his constitutional rights were violated by members of the S.P.O.T. Unit, to include Defendants Grubb, Zawaski, Doe, and Simmons, on various dates in 2014 and 2015 when he was in the Pinellas County Jail or otherwise in the custody of PCSO officials (*see* ECF No. 1 at 6). Plaintiff seeks declaratory and injunctive relief (*see id.* at 7). He also suggests that he is incorporating a habeas corpus petition within the instant civil rights case (*id.*).

Venue for actions under 42 U.S.C. § 1983 is governed by 28 U.S.C. § 1391(b), which provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

*Id.* Furthermore, 28 U.S.C. § 1404 provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The

Case No.: 3:18cv2182/MCR/EMT

decision to transfer an action pursuant to § 1404(a) is left to the "sound discretion of the district court and [is] reviewable only for an abuse of that discretion." Roofing & Sheeting Metal Serv. v. La Quinta Motor Inns, 689 F.2d. 982, 985 (11th Cir. 1982). Such transfers may be made *sua sponte* by the district court. Mills v. Beech Aircraft Corp., 886 F.2d 758, 761 (5th Cir. 1989); Robinson v. Madison, 752 F. Supp. 842, 846 (N.D. Ill. 1990) ("A court's authority to transfer cases under § 1404(a) does not depend upon the motion, stipulation or consent of the parties to the litigation."); Empire Gas Corp. v. True Value Gas of Fla., Inc., 702 F. Supp. 783, 784 (W.D. Mo. 1989); *accord* Roofing & Sheeting, 689 F.2d at 991 n.14.

In analyzing the issue of proper venue in the context of the federal doctrine of forum non conveniens, courts have looked to certain factors set forth by the United States Supreme Court relating to the private interest of the litigants and the public interest in the fair and efficient administration of justice. *See* Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508–09, 67 S. Ct. 839, 91 L. Ed. 1055 (1988), *superseded by statute on other grounds as explained in* American Dredging Co. v. Miller, 510 U.S. 443, 449 n.2, 114 S. Ct. 981, 127 L. Ed. 2d 285 (1994)[1]; *accord* Cowan v. Ford Motor

---

[1] In American Dredging, the Court explained:

Gilbert held that it was permissible to dismiss an action brought in a District Court in New York by a Virginia plaintiff against a defendant doing business in Virginia

Co., 713 F.2d 100, 103 (5th Cir. 1983).[2]  While forum non conveniens would not apply in a case such as this where there exists an alternative federal forum in which this case could have been brought and to which this case may be transferred, the factors enunciated in Gilbert, which provide the basis for a court's analysis of the relative fairness and convenience of two alternative forums, are helpful in determining whether to effect a change in venue under section 1404(a).

The factors set forth in Gilbert are as follows:

---

> for a fire that occurred in Virginia.  Such a dismissal would be improper today because of the federal venue transfer statute, 28 U.S.C. § 1404(a): "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  By this statute, "[d]istrict courts were given more discretion to transfer . . . than they had to dismiss on grounds of forum non conveniens."  Piper Aircraft Co. v. Reyno, 454 U.S. 235, 253, 102 S. Ct. 252, 264, 70 L. Ed. 2d 419 (1981).  As a consequence, the federal doctrine of forum non conveniens has continuing application only in cases where the alternative forum is abroad.

American Dredging, 510 U.S. at 449 n.2.

[2] In Cowan, the Fifth Circuit explained the proper applicability of the doctrine of forum non conveniens in light of the enactment of section 1404(a):

> Section 1404(a) superseded the common law doctrine of forum non conveniens insofar as transfer to another federal district court is possible.  As the Supreme Court pointed out in Norwood v. Kirkpatrick, "the harshest result of the application of the old doctrine of forum non conveniens, dismissal of the action, was eliminated by the provision in § 1404(a) for transfer."  349 U.S. 29, 32, 75 S. Ct. 544, 546, 99 L. Ed. 789 (1955).

Cowan, 713 F.2d at 103 (additional citations omitted).

Case No.: 3:18cv2182/MCR/EMT

> Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all of the practical problems that make trial of a case easy, expeditious and inexpensive. . . . Factors of public interest also have [a] place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. . . .

Gilbert, 330 U.S. at 508–09.

In the instant case, the acts or occurrences forming the basis of the complaint occurred in Pinellas County, Florida, which is located in the Middle District of Florida. Thus, attendance of witnesses and availability of sources of proof favor a transfer there. Moreover, the community in the Northern District of Florida appears to have no relation to the litigation at issue. Neither the private interest of the litigants nor the public interest in the administration of justice is even minimally advanced by venue being maintained in this District.[3]

Likewise, to the extent Plaintiff's complaint is construed as a petition for writ of habeas corpus under 28 U.S.C. § 2254, it is in the interest of justice to transfer this

---

[3] Although Plaintiff's choice of forum is ordinarily given consideration, Norwood v. Kirkpatrick, 349 U.S. 29, 32 (1955), "where the operative facts underlying the cause of action did not occur within the forum chosen by Plaintiff, the choice of forum is entitled to less consideration." Windmere Corp. v. Remington Prods, Inc., 617 F. Supp. 8, 10 (S.D. Fla. 1985) (citations omitted).

case to the United States District Court for the Middle District of Florida, which is the district within which the state court was held which convicted and sentenced Plaintiff/Petitioner.[4] *See* 28 U.S.C. § 2241(d) (2015); Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003) (holding that state prisoners in custody pursuant to a state court criminal conviction have a single habeas corpus remedy, governed by § 2241 and § 2254; thus, "if a state prisoner is 'in custody pursuant to the judgment of a State court,' his petition is subject to § 2254").

Therefore, in the interest of justice, this action should be transferred to the Middle District of Florida.

Accordingly, it is respectfully, **RECOMMENDED**:

1. That this case be transferred to the United States District Court for the Middle District of Florida.

2. That the clerk of court be directed to close the file.

---

[4] Online records for the Florida Department of Corrections show that Plaintiff/Petitioner is serving a sentence for failure to register as a sex offender under the Public Safety Information Act ("PSIA"), and that the conviction arose in Pinellas County. *See* http://www.dc.state.fl.us/offenderSearch/detail.aspx?Page=Detail&DCNumber=R34887&TypeSearch=AI (as last visited on Jan. 9, 2019).

Case No.: 3:18cv2182/MCR/EMT

At Pensacola, Florida, this 10th day of January 2019.

        */s/ Elizabeth M. Timothy*
        **ELIZABETH M. TIMOTHY**
        **CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No.: 3:18cv2182/MCR/EMT